*J. A. Finn, for appellee.*

---

### THOMAS DAWSON *v.* JOHN CONKLIN.

**Trial—Order of Reception of Evidence.**

Evidence which ought to have been offered in chief is inadmissible when it is offered after the evidence in chief has been closed on both sides.

APPEAL FROM CALDWELL CIRCUIT COURT.

April 2, 1873.

OPINION BY JUDGE HARDIN:

On a careful consideration of the several grounds relied on in the argument for reversing the judgment, they are each deemed unreasonable.

1. The agreement to pay for half the work in Lyon County bonds at 85 cents on the dollar, fixed the value of those bonds as between the parties at $85 for each $100 so to be paid in bonds. Numerous authorities might be cited as sustaining this construction, even in addition to those relied on in the argument for the appellees. And we understand it to be "substantially the ruling of the court in Instruction No. 10, and others relating to the lands."

2. We do not think the jury could have been confused or misled as to the item of $23.10 by the supposed inconsistency of Instructions 8 and 10, but however the facts might be as to the $23.10, the instructions were authorized by the pleadings.

3. The burden of proof being on the defendant and the consequent right to open the case in evidence and conclude the argument being conceded to him, the court properly ruled that his own pro-

posed testimony, which would have been clearly in chief, though offered as contradicting Coughlin, was inadmissible when offered, the evidence in chief then being closed on both sides.

4. There is contrariety of evidence and some uncertainty as to the disputed facts, but we can not adjudge that the verdict of the jury is not sufficiently supported by the evidence.

The judgment is *affirmed*.

*Hewlett*, for appellant..

*Darby*, for appellee.